### J. G. PHILLIPS *v.* W. A. WATHEN.

**Assignments for Benefit of Creditors—Presumption.**

Where a debtor, just prior to making an assignment for the benefit of creditors, drew from a bank a large sum of money which was not turned over to the assignee, and was never accounted for, it will be presumed that the debtor is still enjoying the money.

**Attachment—Money in Hands of Receiver.**

Money in the hands of a receiver, belonging to an insolvent debtor, is subject to attachment by his creditors.

APPEAL FROM MARION CIRCUIT COURT.

December 30, 1872.

Opinion by Judge Pryor:

This court in the case of *Kennedy v. Aldridge* decided that the policy of securing compensation to the *public agents of the state should not be extended further than to protect from attachment or garnishment the fund or fees belonging to the public officer or agent so long as it remained in the custody of the state, or that of the state officials whose duty it is to pay the fees to the party entitled. In that case Kennedy, one of the commissioners of Garrard county for listing taxable property, had by an authorized agent withdrawn his compensation from the public treasury, and whilst in the hands of the agent one of Kennedy's creditors attached the fund. It was held that the claim or liability against the state by the officer be discharged by the payment of the money to the agent; that it was liable in his hands for the payment of Kennedy's debt. In the present case the money sought to be subjected by the appellant was in the hands of Wood, the receiver of the Marion Circuit Court. The state had no longer any control over or any interest in it, and we see no reason why it is not liable to the payment of appellee's debts.

The testimony in the case shows that the debt for which the judgment was rendered and about which there is no controversy had its inception in the year 1861; that the appellee had been insolvent from that time up to the institution of the suit. He made an assignment of his property for the payment of his debts in the year 1862, and this assignment resulted in the partial payment of his many liabilities. Shortly before he made the assignment to Berry, viz., in September, 1861, he drew from the bank at Lebanon nearly thirty-five hundred dollars in money. He also converted to his own use, or appropriated for his own purposes, the proceeds of a large quantity of land, the property of the firm of Miller and Wathen, and must have had at that time several thousand dollars in money.

No part of this money seems to have been paid over to his assignee, Berry, or accounted for to his partner, Miller, and so far as this record shows he has not attempted in any way to explain the manner in which he has disposed of it. It is true that he says he drew the money from the bank at a time when it was supposed it would be robbed by a band of soldiers, but he fails to show what disposition he made of it, after he took it from the bank. From 1861 to the institution of this suit, and prior thereto, he was

regarded as an active business man, and was occasionally, since 1861, seen with large sums of money in his possession.

It is true that appellant's own interest shows that the house and lot in which the appellee lives was purchased by them for the benefit of their mother, but there is no effort in this action to subject it to the payment of appellant's debts, and the purposes of the investigation in regard to this property is to attempt to show the chancellor the amount in which this large amount of money in the possession of Wathen was disposed of by him. If not in the purchase of the house and lot, and the appellant's own witnesses swear that it was not, what has become of it? A satisfactory response to this question must be made by the appellee. He is presumed to know and must know where this amount of money is, to which, if not expended by him, his creditors are jointly entitled. Many years have elapsed since this fraudulent conduct on the part of the appellee took place, but there is no statutory bar placed in the way of appellant's recovery, and if pleaded his conduct since and up to 1869, when this attachment was obtained, evidences the continued existence of fraud on the part of the appellee in his refusal and failure to make any satisfactory explanation as to what disposition he has made of many thousand dollars shown to have been in his possession in the years 1861 and 1862. In the absence of such proof the presumption to be indulged is that he is now enjoying the benefits resulting from the use of this money to which his creditors are entitled.

The judgment discharging the attachment must be reversed and the cause remanded with directions to sustain the attachment and ordering the receiver, Moore, to pay the fund or the amount in his hands to which appellee is entitled to the payment of appellant's debt and for further proceedings consistent herewith.

*Russell & Averitt, for appellant.*

*W. J. Lisle, for appellee.*